**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ESTELLA REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-05682 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CAPITAL MANAGEMENT SERVICES, L.P. | ) | |
| and LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motions to dismiss for failure to state a claim, [24], [26], are denied. See the accompanying Statement for details.

## STATEMENT

This case concerns the legality of certain debt collection practices employed by Defendants Capital Management Services, L.P. ("CMSL") and LVNV Funding, LLC ("LVNV"). As alleged in her Complaint, Plaintiff Estella Redmond incurred consumer debt in connection with a Citibank Sears Premier credit card. (Compl. ¶ 13, Dkt. No. 1.) Redmond did not pay the debt and her account went into default. (*Id.* ¶ 14.) At some point, LVNV, a collection agency, purchased Redmond's debt and then hired CSML to collect on it. (*Id.* ¶¶ 10, 16.)

On January 13, 2016, CSML sent a collection letter to Redmond that included, among other things, a statement of the current balance owed, the identity of the current creditor, and notification of a "settlement amount of $179.22," which represented 25% of Redmond's total debt. (*Id.* Ex. D.) The letter further states that if the recipient wants to take advantage of the settlement offer, she must pay the settlement amount no later than 45 days after receiving the letter. (*Id.*) At the bottom of the letter, it states: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." (*Id.*)

Redmond claims that the letter misrepresents her debt in violation of Sections 1262e(2)(A) and 1692e(1) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. She identifies two main problems with the letter: (1) the letter implies that LVNV was choosing not to sue Redmond on a time-barred debt when in fact they were prohibited from doing so; and (2) the letter fails to inform Redmond that making a payment on the account, or even attempting to make a payment, would revive the statute of limitations thereby allowing defendants to sue her on the debt. Now before the Court are Defendants' motions to dismiss the

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

Under Federal Rule of Civil Procedure 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the defendant fair notice of the claim and grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the complaint need not contain detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[T]he primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). In particular, Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection the collection of any debt." 15 U.S.C. § 1692e. The provision's text sets forth a nonexhaustive list of prohibited practices, including "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

Defendants argue that, despite Redmond's contentions to the contrary, the collection letter at issue here is not deceptive or misleading. When evaluating whether a representation in a collection letter is misleading, this Court must ask "whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 774 (7th Cir. 2007). The Court must consider the letter from the perspective of an "unsophisticated consumer." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The unsophisticated investor, while being "uninformed, naïve, [and] trusting," is not stupid, and has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* at 822 (internal quotation marks omitted). Whether an unsophisticated consumer would be misled by a collection letter is a question of fact, and "[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (internal quotation marks omitted).

In reviewing Defendants' collection letter, the Court cannot find at the pleading stage that not even a significant fraction of the population would be misled by it. To the contrary, it is easy to believe that an unsophisticated consumer reading the letter Redmond received would be led to believe that her debt was legally enforceable. This is largely based on the fact that the letter contains an offer of settlement. The letter describes the $179.22 as a "settlement amount," suggesting that Defendants are offering to settle a viable legal suit. Indeed, if a consumer received this offer to settle and "searched on Google to see what is meant by 'settlement,' she might find the Wikipedia entry for 'settlement offer.' There she would learn that the term 'offer to settle' is 'used in a civil lawsuit to describe . . . an agreement to end the lawsuit before a judgment is rendered.'" *McMahon*, 744 F.3d at 1021. That the collection letter presents this settlement as a limited-time offer might lead an unsophisticated to "think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount." *Evory*, 505 F.3d at 775. Given the possibility that the collection letter sent to Redmond would lead an unsophisticated consumer to believe that LVNV could successfully sue on the debt and that the settlement offer is a chance to avoid court proceedings, the Court finds that Redmond has stated a plausible claim.

Defendants contend that dismissal is appropriate in this case because the language in the letter that Redmond received clearly and adequately informs the unsophisticated consumer that LVNV could not and would not sue on the debt. Defendants compare the language in Redmond's letter to disclosure language required under a consent decree between the Federal Trade Commission ("FTC") and Asset Acceptance, LLC. *See* Consent Decree, *United States v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ, (M.D. Fla. 2012) (Dkt. No. 5). The consent decree, which was entered in connection with an action filed in the United States District Court for the Middle District of Florida, requires Asset Acceptance to include in any collection letter to a consumer, when it knows or believes that the debt was incurred outside of the limitations period, the following language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not use you for it." *Id.* at 13 of 28. Defendants argue that they included the same FTC-approved language in their letter to Redmond and therefore their communication cannot be deceptive or misleading. However, consent decrees are not binding on nonparties and have limited persuasive value in the present context. *See Harris v. Total Card, Inc.*, No. 12 C 05461, 2013 WL 5221631, at *7 (N.D. Ill. Sept. 16, 2013) (holding that the Asset Acceptance consent decree would not be afforded any deference because the plaintiff "had not presented sufficient information about the FTC's explanation or rationale behind its position"); *McRill v. Nationwide Credit, Inc.*, No. 12-2175, 2012 WL 6727974, at *5 (C.D. Ill. Dec. 6, 2012) ("[T]he consent decree, which was binding on Asset Acceptance only because it agreed to the decree, do[es] not carry the force of law.") (internal citation omitted). While the consent decree may provide some useful guidance regarding what constitutes a sufficient disclosure, this Court sees no reason why it should defer to the consent decree for purposes of the present litigation.

Defendants also argue that, as non-lawyers, they are prohibited from informing consumers that partial payment on a debt resets the statute of limitations because that would constitute legal advice. In finding that Redmond's has stated a viable claim at the pleading stage, this Court is not making any findings regarding any specific language that should have been included in the collection letter. And moreover, the Court is not persuaded that a simple statement regarding the effect of partial payment would necessarily constitute legal advice,

3

especially since other courts in the Seventh Circuit have shown support for the inclusion of such a statement in debt collection letters. *See, e.g.*, *McMahon*, 744 F.3d at 1021 (holding that a collection letter violated the FDCPA and noting in particular the risk that a "gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit for the full amount"); *Pantoja v. Portfolio Recovery Assocs., LLC*, 78 F. Supp. 3d 743, 746 (N.D. Ill. 2015) (finding a letter deceptive in part because "a consumer, sophisticated or otherwise" would not "know that a partial payment would reset the limitations period"). If debt collectors are worried about providing specific legal advice, it would be easy to include general language regarding the possibility that a debt is time-barred or that partial payment on a time-barred debt could reset the limitations period. *See McMahon*, 744 F.3d at 1022 (supporting the use of "general language" if the debt collector does not know whether the debt submitted for collection is time-barred).

Accordingly, for the reasons discussed above, Defendants' motions to dismiss are denied.

Dated: March 31, 2017

_____

Andrea R. Wood
United States District Judge